CATHERINE McLAUGHLIN, Respondent, *v.* WILLIAM W. ARMFIELD, Appellant.

*Fire escapes in a manufactory — duty of the owner to erect them, without notice from the commissioner.*

Under the statute (§ 16 of tit. 14 of chap. 583 of the Laws of 1888), directing that any building occupied, or built to be occupied, as a manufactory "shall be provided with such fire-escapes and doors as shall be directed and approved by the commissioner," the duty rests upon the owner to bring the subject before the commissioner and obtain his direction in the premises; and where an accident occurs, because of the absence of such fire-escapes from the building, the owner cannot avoid responsibility by alleging that the statute does not declare absolutely that fire-escapes shall be erected by the owner, but only that "such fire escapes and doors as shall be directed and approved by the commissioner" shall be erected, or by alleging that he had no personal knowledge that the fire-escapes were not erected as required by law.

Appeal by the defendant William W. Armfield from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 6th day of March, 1890, and also from an order, entered in said clerk's office on the 15th day of March, 1890, denying the motion of the defendant to set aside the verdict and for a new trial.

The action was brought to trial before the court and a jury at the Kings County Circuit on the 5th day of March, 1890, and a verdict was rendered in favor of the plaintiff for the sum of $2,000.

The action was brought against the owner of a building in the city of Brooklyn, which was four stories in height and was built to be occupied as a factory, and was, in fact, occupied as a factory, in which the plaintiff was employed, and which, it was alleged, the defendant, the owner, had wholly neglected to provide with any fire-escapes, or to have any ladder or stairway built to the scuttle or place of egress in the roof.

The complaint alleged that fire broke out in the building; that the plaintiff's means of escape down the stairs of the building were cut off by smoke and fire, and she was compelled to jump from one of the rear windows to the roof of a small wooden structure in the rear of the manufacturing building, a distance of about thirty feet, and was severely and permanently injured, and demanded damages to the amount of $25,000.

*John H. V. Arnold,* for the appellant.

*Andrew L. Gardiner* and *Frederic A. Ward,* for the respondent.

Pratt, J :

The appellant, for five years before the accident, had owned and collected rent from the defective buildings. If, under those circumstances, he can avoid responsibility by alleging he had no personal knowledge that the fire-escapes were not erected as required by law, the statute would be a snare and not a safeguard.

The appellant argues that, as the statute does not in express terms declare that fire-escapes shall be erected by the owner, the duty cannot be placed upon him by a judicial construction of the law.

The law enacts that any building occupied, or built to be occupied,

as a manufactory shall be provided with such fire-escapes as shall be directed by the commissioner. We think the initial duty rests upon the owner, that he should bring the subject before the commissioner and seek his direction.

The statute is intended to protect human life; its intentions are easily discovered, and no reason is perceived why the court should strain after so strict a construction of its language as to deprive it of all useful operation.

The appellant argues that, had plaintiff not given way to fright, and exercised a sound discretion as to the method of escape adopted, she might have found a safe egress by another window.

All those considerations were properly submitted to the jury. Their finding was adverse to defendant, and was sustained by the testimony.

It follows that the judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment affirmed, with costs.