### ODELL et al. v. BRETNEY et al.

(Supreme Court, Appellate Division, First Department. April 15, 1904.)

1. INJUNCTION—RIGHT TO RELIEF—CESSATION OF INTEREST.

Where, at the time of trial, a plaintiff, whose right to injunctive relief at the time of filing the complaint depended on a special hack stand license and maintenance of a hack stand, no longer had such a license and no longer maintained such a stand, the dismissal of the complaint as to him was proper.

2. SAME—COSTS.

Where one maintaining a private hack stand under a special license brought suit to enjoin the usage of the space as a public hack stand, but before the time of trial had ceased to maintain such a stand, his license having expired, costs should not have been awarded against him on the dismissal of his complaint.

3. SAME—INTERFERENCE WITH STREET—USE AS HACK STAND.

A hotel company is entitled to an injunction to restrain the use of the street in front of its hotel as a public hack stand, where the street is not a part of such a stand.

Appeal from Special Term.

Action by Stephen C. Odell and others against Charles W. Bretney and others. From a judgment dismissing the complaint and vacating a temporary injunction (78 N. Y. Supp. 67), plaintiffs appeal. Affirmed in part and reversed in part.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frank C. Avery, for appellants.
Theodore H. Lord, for respondents.

PER CURIAM. The facts, so far as they are necessary to understand the questions involved, are sufficiently stated in our opinion upon the former appeal from the order granting the injunction pendente lite. Odell v. Bretney, 62 App. Div. 595, 71 N. Y. Supp. 449. There are two parties plaintiff—one, Rectors, a domestic corporation; and the other S. C. Odell & Son, who, under a license from the city, were maintaining a private hack stand in front of the hotel or restaurant conducted by Rectors. The defendants represent the Public Owners and Hackdrivers' Association of the city. The Rectors hotel premises are situate on the east side of Broadway between Forty-Third and Forty-Fourth streets. At Forty-Third street Broadway makes a junction with Seventh avenue, and within the space between Forty-Third and Forty-Fourth streets there is a public hack stand, authorized to be used by the defendants, and there is a license for such use issued by the city of New York. Our conclusion upon the former appeal was that the Special Term was right in the view that the space immediately

in front of Rectors' Hotel was not within the boundaries of the public hack stand. It was left to be determined upon the trial whether the use of the street in front of Rectors' as a private hack stand was one which the city had authority to grant. Upon the former appeal it was shown that S. C. Odell & Son claimed such use of that portion of the street in front of Rectors' pursuant to a special license issued by the city, which, in terms, authorized them to maintain a private hack stand at that place. Upon the trial in May, 1902, it appeared that the Odells' special stand license had expired, and that they did not at that time, nor had they for some previous period, maintained such hack stand. Upon this showing, therefore, as the Odells had no right to injunctive relief as against the defendants at the time of the trial, the dismissal of the complaint as to them was right, but, under the circumstances, it should have been without costs. We think, however, that it was error to dismiss the complaint, with costs as against Rectors. The street immediately in front of this hotel we held was not part of the public hack stand, and using it for such purposes and to the injury and annoyance of Rectors and its guests was an invasion of its rights, as the owner of the premises, in the use of the street. Our former determination, therefore, from which, upon examination, we find no reason to depart, favors the view that, as against the acts of the defendants complained of, Rectors was entitled to relief, and hence the complaint as to it should not have been dismissed.

The judgment accordingly should be modified by affirming it as to Odells, with costs of appeal against them; and reversing it as to Rectors, and ordering a new trial as to it, with costs to Rectors, appellants, to abide the event.