### HEFFERON v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. NUISANCE (§ 65*)—ACTS CONSTITUTING.
   That defendant unlawfully conducts a general hacking business without, or in excess of, licenses, does not show a nuisance abatable on suit by a competitor.
   [Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 65.*]

2. WORDS AND PHRASES—"CRIME"—"NUISANCE."
   "Crime" and "nuisance" are not convertible terms.
   [Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1736–1740; vol. 8, p. 7623; vol. 5, pp. 4855–4864; vol. 8, p. 7734.]

3. HIGHWAYS (§ 153*)—OBSTRUCTION—PUBLIC NUISANCE.
   Unlawful and unreasonable obstruction of a highway by a taxicab company constitutes a public nuisance.
   [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 417, 419–423; Dec. Dig. § 153.*]

   Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by John Hefferon against the New York Taxicab Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

William F. Goldbeck, for appellant.

George B. Holbert (Walter L. Rathborne, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

CARR, J.  This is an appeal from an interlocutory judgment overruling a demurrer to a complaint.  The action is brought to abate an alleged public nuisance.  The plaintiff pleads that he is a resident and taxpayer of the borough of Manhattan in the city of New York and "a public hackman, duly licensed as such by the bureau of licenses of the city of New York, and engaged, generally, in the transaction of such business throughout the several boroughs of the city of New York."  He complains that the defendant maintains a number of hack stands at various places in the boroughs of Manhattan and Brooklyn for the use of its hacks or cabs which it offers to public hire generally.  He alleges that the maintenance of said hack stands by the defendant is conducted under special licenses issued pursuant to general ordinances of the city of New York, and that a condition of the issuance of said special licenses, as provided in said general ordinances, is that the defendant shall not accept as passengers persons other than the guests of the various hotels and the occupants of the various buildings abutting on the parts of the public streets on which its hack stands are maintained.  He further alleges that the maintenance of the defendant's hack stands causes annoyance to the public generally and interferes with and obstructs general public traffic.  He asserts that the defendant in the operation of its cabs violates the condition of its special licenses, in that it carries on a general hacking business by receiving passengers generally on the streets, and that furthermore it uses in its business many cabs for which it has no licenses whatever.  He pleads special damage to himself from the acts of the defendant in language as follows:

"Fifteenth. That plaintiff was damaged and injured in this:  That said defendant is continuously entering into competition with plaintiff and is continuously receiving, soliciting, and accepting public passengers for hire, and transporting them to the exclusion of this plaintiff and to his irreparable injury by thus depriving him of the patronage of the public at large to which he is entitled under and by virtue of his public hacking license."

The complaint contains no other allegation of any injury or damage peculiar to the plaintiff.

[1]  The necessity of alleging some special injury or damage to enable the plaintiff to maintain an action in equity to abate a public nuisance is conceded by the plaintiff; but he contends that the allegation of his complaint, above quoted, sets forth such injury and damage sufficiently.  In this view the learned court at Special Term agreed and upheld the complaint on its expressed opinion that the allegations in the complaint that the defendant was doing a general hacking business without a license therefor, in violation of the general ordinances of the city, stated a cause of action in equity for injunctive relief in favor of the plaintiff, who has a license to do a public hacking business.  No precedent is cited by counsel, nor has any been found after much labor, in which a similar or fairly analogous state of facts has been brought to the attention of the courts as a ground for the maintenance of an action in equity by a private party to abate an alleged public nuisance.  If the defendant is doing a business without hacking licenses or in excess of such licenses as have been granted, its act in

so doing is unlawful and punishable in proceedings based upon its violations of the general ordinances; but such acts, though not lawful, are not nuisances in the true sense of the word.

[2] While every public nuisance was a crime at common law and is so under our statute, yet not every crime is a public nuisance. The terms are not at all convertible. If the defendant unlawfully and unreasonably obstructs a public highway, it is guilty of a public nuisance. But there is no allegation of injury or damage peculiar to the plaintiff based upon this ground.

[3] The allegation in the complaint upon which the plaintiff must rest his right to maintain this action is that the defendant, without a license to do so, does a general hacking business in competition with the plaintiff who has a right to do so. If this circumstance is enough to give the plaintiff a standing in a court of equity to maintain an action for injunctive relief, there ought to be found some precedent which may serve as an authority on this proposition. None is to be found. If it be a matter of first impression, then the principles governing actions to abate nuisances should not be stretched to cover it. The city has ample power to enforce its ordinances, and there is no necessity of creating a right of action in favor of a private suitor for his own purposes. The learned court at Special Term was of opinion that Odell v. Bretney, 62 App. Div. 595, 71 N. Y. Supp. 449, is an authority in favor of the maintenance of this action. In that case the actual question was whether a public hackman under a general license, and against the objection of the owner of the abutting premises, could use as a public hack stand a portion of a street which, with the consent of the abutting owner, had been set apart for a special hack stand for the exclusive use of another. There is some general discussion in the opinion in that case which is not controlling except upon its own facts. What the court actually held was that the public hackman could not occupy the street against the objection of the abutting owner. See Odell v. Bretney, 93 App. Div. 607, 87 N. Y. Supp. 655.

The interlocutory judgment should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $30 costs, with leave to the plaintiff to serve an amended complaint in 20 days on payment of costs and disbursements.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur. THOMAS, J., dissents.