EUNICE BROOKINS et al., Plaintiffs, *v.* PENNSYLVANIA RAILROAD COMPANY, Defendant.

Supreme Court, Cattaraugus County, February 21, 1952.

*Leighton T. Wade* for defendant.

*G. Sidney Shane* for plaintiffs.

VANDERMEULEN, J. The defendant moves:

(a) Pursuant to rule 106 of the Rules of Civil Practice dismissing the causes of action alleged in paragraphs Thirteenth-Twenty-sixth of the amended complaint upon the ground that the same do not state facts sufficient to constitute a cause of action.

(b) Pursuant to rules 113 and 114 of the Rules of Civil Practice directing judgment dismissing the causes of action alleged in paragraphs Thirteenth-Twenty-sixth of the amended complaint upon the ground that the documents, copies of which are annexed to the defendant's bill of particulars herein, establish the defenses to said causes of action alleged in the amended answer to the amended complaint.

Paragraphs thirteen to twenty-six of plaintiffs' complaint allege a cause of action substantially in nuisance. The gist of the allegation is that the defendant railroad company in constructing a railroad over and across a public highway known as North Union Street failed to obtain any order of the Supreme Court, which at the time of said construction was, in accordance with the statutory law, a necessary requirement, and by reason of such failure, these tracks crossing the highway and the sidewalk in connection therewith, constitute a nuisance which resulted in the injury to the plaintiff, Eunice Brookins.

The plaintiffs, among other things, question the lawful right of the defendant to cross North Union Street. The defendant maintains that the plaintiffs can not raise this question in this action. The plaintiffs maintain they can by virtue of having sustained special damages, namely, the injuries to the wife and the expense incurred by the husband by reason of such injuries.

It is true that an ordinary citizen can under some circumstances assert a cause of action based on nuisance where the litigant can show some special damage. But the authorities cited by counsel for the plaintiffs do not apply in the instant case.

*Congreve* v. *Smith* (18 N. Y. 79) involved the covering of an excavation in a public highway. No license from the city for the excavation was proved.

The court said at page 82: " The general doctrine is, that the public are entitled to the street or highway in the condition in which they placed it; and whoever, without special authority, materially obstructs it, or renders its use hazardous, by doing anything upon, above or below the surface, is guilty of a nuisance; and, as in all other cases of public nuisance, individuals sustaining special damage from it, without any want of due care to avoid injury, have a remedy by action against the author or person continuing the nuisance."

The cases of *Buchholz* v. *New York, Lake Erie & Western R. R. Co.* (148 N. Y. 640) and *Flynn* v. *Taylor* (127 N. Y. 596) involved the unlawful obstruction of a public highway.

The case of *Irvine* v. *Wood* (51 N. Y. 224) involved an unauthorized excavation, a coal hole opening in the sidewalk in front of the premises and leading thence into a vault which was a part of the demised premises occupied by one of the defendants who used the hole for putting in coal and on which excavation there was a defective covering that caused the injury.

Nor does the case of *Sullivan* v. *American Mfg. Co.* (33 F. 2d 690) aid the plaintiffs.

In all these cases it was the object itself that caused the injury. In the instant case it was not the sidewalk itself that caused the injury but the failure to keep it in repair.

If the plaintiffs had based their claims on the faulty construction of the sidewalk and that this was the proximate cause of the accident, then the question of whether the operating of the railroad across North Union Street without having secured the sanction of the Supreme Court constituted a nuisance, could be given some serious consideration. But the plaintiffs base their claim primarily on negligence, contending that the sidewalk was not properly maintained and that it was in a state of disrepair. The sidewalk was there. It did not in itself cause the accident. The contention of the plaintiffs appears to be that had not the Pennsylvania Railroad Company illegally crossed North Union Street, the sidewalk would not have been there and consequently the accident would not have happened. But a recovery must be based on a proximate cause and not a remote cause and the proximate cause, if any, as gleaned from the papers produced in these cases on this motion is the alleged failure to maintain and repair.

The mere fact that an act is a violation of the law will not justify a cause of action. Assuming that the failure of the Pennsylvania Railroad Company to obtain the sanction of the Supreme Court constituted a violation of the law, it can well be said that this violation alone would not constitute a nuisance. I have been unable to find an authority directly on this point, but the following citations illustrate what I deem sufficient reason to support my conclusion.

It was said in *Koch* v. *Fox* (71 App. Div. 288, 294) : " It may be conceded that in a proper case it is competent for the Legislature, under its general police power, to impose a new duty for the protection or safety of the public or of persons occupying or in buildings, the violation of which, *if it directly and without any intervening cause* results in injury or damage, will

give rise to a cause of action, and doubtless the Legislature may delegate this authority to a municipal legislature. [Italics in original.] (*Dorrity* v. *Rapp, supra* [72 N. Y. 307]; *Pauley* v. *S. G. & L. Co.,* 131 N. Y. 90; *Freeman* v. *Glen Falls Paper Mill Co.,* 61 Hun, 125; *Willy* v. *Mulledy,* 78 N. Y. 310; *Ryan* v. *Thomson,* 38 N. Y. Super. Ct. 133; *Pitcher* v. *Lennon,* 12 App. Div. 356, 359; *McLaughlin* v. *Armfield,* 58 Hun, 376; *Parker* v. *Barnard,* 135 Mass. 116; *Woodruff, Administratrix,* v. *Bowen,* 136 Ind. 431.) In all cases where such liability has been imposed and sustained, except the Wisconsin case cited, the *omission to comply with the law or ordinance was the direct cause of the injury without the intervention of other negligence.''* (Italics mine.)

In the case of *Orr* v. *Baltimore & Ohio R. R. Co.* (168 App. Div. 548, 551) it was said: '' The learned counsel for the plaintiff attempts to sustain the second cause of action on the theory that the defendant was guilty of maintaining a nuisance, and he relies on the declaration of the ordinance to that effect without alleging any facts tending to show that the storage of the nitrate of soda was in fact a nuisance. The mere declaration in the ordinance is not effective to constitute the storage of more than twenty-five pounds of nitrate of soda *without a license* a nuisance. (*Village of White Plains* v. *Tarrytown, W. P. & M. R. Co.,* 117 App. Div. 841. See, also, *People ex rel. Copcutt* v. *Board of Health,* 140 N. Y. 1.) If the storage of the nitrate of soda was a proximate cause of the damages sustained by the plaintiff, the ordinance will be admissible in evidence as tending to show negligence under the first count of the amended complaint, which, as already observed, is predicated solely on the ground of negligence. (*Shields* v. *Pugh & Co.,* 122 App. Div. 586; *Racine* v. *Morris, supra* [201 N. Y. 240].) '' (See, also, *Hefferon* v. *New York Taxicab Co.,* 146 App. Div. 311; *Fulton Light, Heat & Power Co.* v. *Oswego Riv. Power Transmission Co.,* 128 N. Y. S. 290, and *Young* v. *Scheu,* 56 Hun 307.)

In *McFarlane* v. *City of Niagara Falls* (247 N. Y. 340) cited by counsel for plaintiffs, it was held that a case could be tried on the theory of nuisance that has its origin in negligence, but the defense of contributory negligence was available to the defendants. It can not be gathered from the pleadings in this lawsuit whether or not facts will be presented on the trial which would show a nuisance arising out of negligence. Therefore, by granting the relief demanded by the defendant, I am not precluding plaintiffs from raising this question at the trial.

I am dismissing the causes of action alleged in paragraphs thirteen to twenty-six of the amended complaint upon the ground that the same do not constitute a cause of action.

In connection with the request for dismissal of the amended complaint pursuant to rules 113 and 114 of the Rules of Civil Practice ("B" in defendant's show cause order), I am not passing on this, leaving the defendant an opportunity to raise the question in the event of an appeal by the plaintiffs from this decision.

Submit order.