JOHN F. SWENSON v. OSGOOD & BLODGETT MANUFACTURING COMPANY.[1]

February 19, 1904.

Nos. 13,750—(202).

**Contributory Negligence.**

   In an action for damages sustained by plaintiff while operating, as the employee of the defendant, a planer and matcher in its factory, the trial court directed a verdict for defendant on the ground that, upon the un-

[1] Reported in 98 N. W. 645.

disputed evidence, the plaintiff contributed to his own injury, received from hazards which he had assumed, incidental to the operation of such machine. *Held* that this instruction was correct.

**Same—Fencing Dangerous Machinery.**

The duty to guard dangerous machinery where the same is practicable, imposed on the employer by Laws 1893, p. 99, c. 7, § 1 (G. S. 1894, § 2248), has not changed the rules of law as to contributory negligence or assumption of risks by employees. Following Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79.

Action in the district court for Ramsey county to recover $6,000 for personal injuries. The case was tried before Brill, J., who directed a verdict in favor of defendant upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Cannon & Cannon* and *Stan. J. Donnelly,* for appellant.

*Stevens, O'Brien & Albrecht,* for respondent.

LOVELY, J.

This action is to recover for injuries received by plaintiff while he was at work in defendant's lumber factory in the city of St. Paul. At the close of plaintiff's evidence, on motion for defendant, a verdict was directed in its favor. There was a motion for a new trial, which was denied. This appeal is from that order.

Plaintiff had been engaged in the operation of a planer and matcher in the factory for three weeks previous to the time he was hurt. This machine was of considerable size, and was used to dress boards, which were carried through it by means of steam power applied to the connected gearings and shafting. It was plaintiff's duty to feed the machine with the boards to be dressed, to prevent clogging by removing accumulated sawdust and obstructions incidental to its operation, also to oil the cylinders and attachments as required from time to time. While at work he had to stand in front and guide the lumber into the planer. At his side were levers by means of which its movements were readily stopped. Also at his side and rear, and but a few feet from where plaintiff usually stood when at work, were several cogwheels, two of which were at least fifteen inches in diameter; the lowest portions being twelve, and the highest twenty seven, inches above the floor.

There was a passageway of three feet adjacent to these wheels, so that the operator could readily move around them without danger or difficulty. The two cogwheels referred to were partially covered by a metal rim, the particular object of which was to prevent sawdust from falling thereon, but were not otherwise protected. These two wheels meshed upwards in connection with each other, and revolved so slowly that, when the feed gears were in operation, their spokes and teeth were plainly observable. A full view of their lower half when in operation was in no way obscured to the observation of any one, who could discern their movements by a mere glance.

At the time of the injury it became necessary for plaintiff to leave his position in front of the machine, go into the passageway to the side, stand near the cogwheels, reach over, and perform the duty to adjust a part of the machine. Before doing this he might have stopped the machinery, had he desired, but did not do so; and, apprehending no danger, he stood too near the wheels. His trousers were caught in the cogs, his right foot came in contact therewith, and before he could extricate it he was caught, and suffered the injuries complained of. The plaintiff was a young man twenty years of age, of good intelligence. He had worked at machines of a similar character for years before his employment at this time, and was quite familiar with their different arrangements. He had oiled the attachments to the cogs daily for three weeks, although he claims the wheels were not in motion when he did so; but his attendance on the machine while at work required him to pass by the wheels quite often, and he could have observed the manner in which they operated without the slightest difficulty, not only while they were in motion, but could readily have seen that they meshed upwards, which was the especial danger he incurred in coming too near them. The peculiar way in which they operated was not obscure, but apparent, and required no specific notice. Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322.

On plaintiff's examination at the trial, he stated that when he was near the cogs he always gave them a thought, and at the time he was hurt he supposed he was far enough away, so that he would not get caught. While he claims his attention had never been called to the particular manner in which the wheels operated, and that he had only given a casual glance at them, he admits that he knew it was dangerous

to get any portion of his body in contact with them; and it is inconceivable that he could have been ignorant of the hazards he incurred in so doing, or failed to appreciate the risks attending any negligence by him in that respect. The inferences from the evidence, as well as his own candid admissions, indicate conclusively that he failed to observe the essential precautions required of servants engaged in the use of hazardous machinery to protect themselves. It is now the well-settled rule of law in this country and in this court that where a servant engaged in work of a dangerous character, through defects in the instrumentalities, might by the exercise of ordinary care observe the risks and dangers attending the service, and is injured from failure to do so, he assumes the possibility of injury thereby. Blom v. Yellowstone Park Assn., 86 Minn. 237, 90 N. W. 397, and cases cited.

Very much stress was laid upon the fact that by the laws of this state (Laws 1893, p. 99, c. 7, § 1; G. S. 1894, § 2248) the employer's obligation to properly protect and guard these cogwheels in a practicable manner had been made a statutory duty; but we have held, upon a previous consideration of this statute, that it does not change the general or common-law rule as to contributory negligence, or as to the assumption of risks by the employee. Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630. We have been urged to reconsider the rule laid down in this case, and have given the assignments of plaintiff's counsel careful attention in this respect, but are not able to overrule the principle laid down in that decision, which, in our judgment, clearly applies to the undisputed facts which led the trial court to order the verdict for defendant.

Order affirmed.