ROBERT McGINTY v. RAYMOND WATERMAN and Another.[1]

November 4, 1904.

Nos. 13,931—(7).

**Guard Around Dangerous Machinery.**

In the operation of any factory, mill, or workshop, it is the duty of the master to not only furnish, but maintain, as far as is practicable, a guard or shield over or about all saws, planers, wood shapers, jointers, etc. G. S. 1894, § 2248. Following Christianson v. Northwestern Compo-Board Co., 83 Minn. 27, such master is liable for damages resulting to a workman from a neglect so to do, where the workman was not informed that such machine was unguarded, or did not appreciate the risks of injury incident thereto.

**Assumption of Risk.**

Where the party injured was an expert workman, and not only knew that a suitable device or shield had been furnished by the master for the purpose of guarding or covering such machinery, but also understood the risks incident to its use in an unguarded condition, he assumes all risk of injury if he neglects to attach the device so furnished.

**Charge to Jury.**

A certain instruction of the court, though subject to criticism, is not prejudicial to defendants.

Action in the district court for Hennepin county to recover $3,075 for personal injuries. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John W. Arctander,* for appellant.
*Cobb & Wheelwright,* for respondents.

[1] Reported in 101 N. W. 300.

DOUGLAS, J.

Appeal by plaintiff from an order of the district court for Hennepin county overruling his motion for a new trial. Plaintiff received an injury to one of his hands while working on a jointer in the defendants' woodworking establishment, where he had been employed as an expert workman about two and a half years. His regular work was at a molding machine. The injury occurred shortly after he was set at work at the jointer, and it was fairly established by the evidence that it was practicable to in part cover the knives of said jointer by a guard or device so as to protect a workman from injury while engaged at the machine. It is claimed on behalf of plaintiff that he called attention to the danger incident to the use of such machine without a guard, and was assured that one would be furnished in a short time. On the other hand, it is urged that a device had theretofore been furnished and placed upon the jointer, and was at the time of the injury standing in the shop but a few feet distant, which fact was well known to plaintiff. The jury found for the defendants, and also, by implication, that such a device had been furnished by defendants, and was, with the knowledge of plaintiff, in defendants' shop at the time of the accident, where it could readily be attached to such machine.

Section 2248, G. S. 1894, provides:

> All saws, planers, wood-shapers, jointers, * * * in any factory, mill or workshop, shall be so located as not to be dangerous to workmen or shall be, as far as practicable, properly guarded, fenced or otherwise protected.

The court, after referring to the terms of the statute, charged the jury as follows:

> It was the duty of the defendants to provide for use upon this jointer, if it was practicable to do so, a guard to so far as practicable protect the plaintiff working upon it from dangers from said machine. But it was not the duty of the defendants to see to it that such guard was kept at all times upon said machine. * * * And I charge you in this case, if the defendants had furnished a guard similar to this defendants' Exhibit 1, and the plaintiff knew that it was there for use upon this

machine, and he failed to use it for any reason, and by reason of such failure received the injury, he cannot recover in this case.

At the trial plaintiff stated in substance, while testifying in his own behalf, that he knew of the danger incident to using the machine un- guarded. Our inquiry, therefore, upon this point is limited to the following question: Can an expert workman, having full knowledge of the danger, recover for injuries resulting from his failure to use a safety device known by him to have been furnished by the master? It must be answered in the negative.

This precise question has been decided and reaffirmed by this court. Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 82, 69 N. W. 630; Swenson v. Osgood & Blodgett Mnfg. Co., 91 Minn. 509, 98 N. W. 645. In the former case the court had under consideration a question involving the duty of the master to guard certain saws, based upon the provisions contained in said section 2248, G. S. 1894, and, speaking by Justice MITCHELL, said: "The fact that a duty is imposed by statute does not change the rules of law as to contributory negligence or to assumption of risks, unless there is some provision in the statute clearly expressing or implying an intention to do so." Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986; O'Maley v. South Boston, 158 Mass. 135, 32 N. E. 1119.

This statute was again under consideration in Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 27, 85 N. W. 827. The court, in discussing the questions involved, speaking by Chief Justice START, used the following language: "The purpose of this statute is obvious. It was intended to protect from personal injury the workmen or employees in any shop, mill, or factory by reason of dangerous machinery therein, and it must be so construed as to give effect to such wise and humane purposes. Tvedt v. Wheeler, 70 Minn. 161, 167, 72 N. W. 1062. Therefore the statute must be and is construed as requiring that such machinery must be so guarded, if practicable, as to protect such workmen, whether actually operating the machinery, or engaged in the discharge of any of their duties in the factory, mill, or shop where it is located, from liability to injury by it. If the person charged with the duty of guarding such machinery omits to do

so, he is chargeable with negligence, and liable to any workman or employee injured thereby, although he could not have reasonably anticipated injury in the precise way it actually occurred. Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; Keegan v. Minneapolis & St. L. R. Co., 76 Minn. 90, 78 N. W. 965; 14 Harvard Law Review, 377."

We affirm all that was said in the latter case as applied to the issue then before the court which did not involve an assumption of risk by a workman, and conceive that the charge of the trial judge in the case at bar (in which the additional issue suggested is presented) would have been more satisfactory, and perhaps clearer, had he charged emphatically that it was the duty of the master not only to furnish such a safety device or guard, but to see that it was constantly kept in place while so used. A liability for failure so to do was held to exist in the Christianson case. In that case, however, an experienced workman who was a minor, and engaged in working upon a different machine, was injured. It appeared that he knew the saw was unguarded, but did not appreciate the risks of injury incident thereto, and special stress was placed by the court in its decision upon these features. Citing Wuotilla v. Duluth Lumber Co., 37 Minn. 153, 33 N. W. 551.

In the case at bar, however, the workman was experienced and knew the risks, and the jury clearly found by implication he had knowledge that the master had furnished such a device; that it was in the shop ready for use by himself and others working the jointer; also that the injury resulted from the contributory negligence of plaintiff in failing to attach and use it. While it is the plain duty of the master to furnish and maintain, so far as practicable, a guard covering saws, jointers, etc., still, if he has once furnished and put it in place, an expert workman having full knowledge thereof and of the risk of injury arising from a failure to use it, together with knowledge that such an appliance so furnished is at hand and ready for use, assumes all risk of personal injury if he negligently works at the jointer without first attaching the safety device. Here the shield was no part of the original machine, and could not be used at all upon it while the jointer was being used in certain kinds of work. It therefore cannot be urged that it was a part of the machine within the meaning of the rule requiring a master to furnish and constantly maintain in place suitable

instrumentalities for the performance of all classes of work required of his servants.

It is insisted by counsel that no evidence whatever was introduced tending to show plaintiff had actual notice that the safety device referred to had been furnished by defendants. This position, in our opinion, is not well taken. The shop was small, and plaintiff had been engaged at work therein two and a half years. A number of his co-employees, one of whom made the device in question, testified that it was continually in the shop, standing most of the time in plain sight but a few feet from the jointer. This, with other evidence offered, sustains the finding of the jury.

Our attention is called to Tate v. Latham, 66 Law J. Q. B. Div. 849. The court had under consideration the English employer's liability act of 1880 (43 & 44 Vict. c. 42, § 1), which provides: "Where after the commencement of this act personal injuries are caused to a workman, first, by reason of any defect in the condition of the ways, works, machinery or plant connected with or used in the business of the employer, * * * the workman * * * shall have the same right of compensation and remedies against the employer as if the workman had not been a workman of nor in the service of the employer, nor engaged in the work." In that case an assistant was injured by a circular saw, occasioned by the removal of a side guard by another workman in charge of the saw. The court held that the absence of a side guard constituted a defect in the condition of the machinery within the meaning of the act referred to, and the master was liable. The act of parliament differs radically from the Minnesota act in this: That the former provides that "the workman shall have the same right of compensation and remedies against the employer as if the workman had not been a workman of nor in the service of the employer, nor engaged in the work." By express enactment a workman is placed in the same position as a stranger, so far as the liability of the owner of machinery is concerned, for negligence in its operation. This provision of the English act supplies an omission in our statutes expressly referred to by the court in the excerpt above quoted from Anderson v. C. N. Nelson Lumber Co., supra. Had plaintiff been a stranger, or had the liability of defendants been by the legislature declared to be

the same in such cases, as provided by the act of parliament, a different question would be presented.

Evidence was admitted, against plaintiff's objection, tending to show that the workmen in the shop did not like to use the device. This was error, but we are unable to see wherein it was prejudicial to plaintiff.

Other errors assigned are deemed not material, and the action of the court complained of could not have affected the result.

Order affirmed.