ALEXANDER SCHUTT v. JAMES ADAIR and Others.[1]

July 20, 1906.

Nos. 14,795—(171).

**Violation of Statutory Duty.**

The violation of a statutory duty may constitute negligence per se, and actionable if injury result therefrom. Nevertheless statutes imposing such duties are not so construed as to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the legislature intended to exclude the defense.

**Contributory Negligence.**

Conceding the application of section 2250, G. S. 1894, to persons other than employees, the defense of contributory negligence on the part of a

[1] Reported in 108 N. W. 811.

person injured, in consequence of the failure to comply with the statute, is not thereby excluded.

**Instruction to Jury.**

The trial court properly charged the jury that, if plaintiff failed to exercise due care for his own safety while in defendants' building, he could not recover.

Action in the district court for Steele county to recover $3,000 for personal injuries. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. A. Sawyer,* for appellant.

*Morgan & Meighen,* for respondents.

BROWN, J.

Plaintiff was rightfully upon premises occupied by defendants for the purpose of the transaction of business, and fell into an open elevator shaft, and was injured. He brought this action to recover damages on the ground that defendants were negligent in not guarding and protecting the open shaft by gates or other barriers, solely by reason of which, plaintiff alleges, the accident happened. Defendants had a verdict, and plaintiff appealed from an order denying a new trial.

The facts are not involved, and the foregoing is a sufficient statement for a proper understanding of the case. The assignments of error challenge the correctness of the court's charge to the jury in certain respects and the refusal of certain of plaintiff's requests. One of the defenses interposed at the trial was that plaintiff was guilty of contributory negligence, which the jury by their verdict sustained. Upon this subject the court charged the jury as follows:

> 5. The jury are instructed that it was the duty of the plaintiff on his second visit to defendants' warehouse on the day of the accident to exercise such care and diligence in looking and examining the place where he went as would be expected of an ordinarily prudent man situated as plaintiff was, and having such knowledge of the elevator as plaintiff had, and that if plaintiff failed to exercise such care and diligence he was guilty of contributory negligence, and cannot recover.

It is insisted that this instruction was erroneous in three respects: (1) In stating as a matter of law that a duty devolved upon plaintiff while within the warehouse to exercise due care for his own safety; (2) in making the test of due care such conduct as "would be expected" of a prudent person; and (3) that it erroneously assumed that plaintiff possessed some knowledge of the elevator and open shaft. The first objection to the instruction is the only one requiring special mention. There is no substantial force or merit to the other two. Kostuch v. St. Paul City Ry. Co., 78 Minn. 459, 81 N. W. 215.

In support of the first contention counsel for appellant urges with much earnestness that the jury was the sole arbiter of the question whether plaintiff was under obligation to exercise due care for his own safety, and that it was error for the court to say to them that he was charged with that duty as a matter of law. It is insisted that section 2250, G. S. 1894, which provides for and requires elevator shafts like those involved in this case to be guarded and protected in the manner therein stated applies to the case at bar, and that a violation thereof, which the evidence disclosed, was negligence per se, entitling plaintiff to recover. We are not prepared to admit that the statute has any application to the case. It was enacted for the protection of employees in warehouses, factories, and manufacturing establishments, and it is doubtful whether, properly construed, it has any application to others. But, conceding its application for the purposes of the case, we find no error in the instruction of the court. Though the violation of a statutory duty may constitute negligence per se and actionable if injury result therefrom, nevertheless, statutes imposing such duties are not so construed as to abrogate the ordinary rules of contributory negligence, unless so worded as to leave no doubt that the legislature intended to exclude the defense. 20 Am. & Eng. Enc. (2d Ed.) 159; Caswell v. Worth, 5 El. & Bl. 849; Hayes v. Michigan Central R. Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; Whitcomb v. Standard, 153 Ind. 513, 55 N. E. 440; Queen v. Dayton, 95 Tenn. 458, 465, 32 S. W. 460, 30 L. R. A. 82, 49 Am. St. 935; Holum v. Chicago, 80 Wis. 299, 50 N. W. 99; Taylor v. Carew, 143 Mass. 470, 10 N. E. 308.

It was not the intention of the legislature in enacting this statute to create an absolute liability, but rather to impose a duty upon persons

operating warehouses and manufacturing establishments to guard and protect their employees from injury, the noncompliance with which constitutes negligence justifying a recovery by an injured servant, without further proof of a failure to exercise that degree of care enjoined by the rules of the common law. The general principles of the law underlying the right of action for personal injuries founded upon negligence remain the same, though the proof of negligence is simplified by showing merely a failure to obey the statutory commands. Contributory negligence will bar such an action precisely as it bars an action at common law. Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630; Swenson v. Osgood & Blodgett Mfg. Co., 91 Minn. 509, 98 N. W. 645. Of course, the defense of contributory negligence must be established by the defendant; but it is not important whether the evidence showing it comes from the plaintiff, or from the defendant. If it appears from the evidence, taken as a whole, no recovery can be had.

It was the province of the court below in the case at bar to so state the law to the jury, and it would have been reversible error had it refused to do so. No case is cited which may be said to sustain the proposition that the jury should in cases of this kind determine the legal duty of the injured party as respects the care necessary to avoid the charge of contributory negligence. The courts should declare what the law requires of each party in such case, leaving the jury to determine whether the facts show a compliance therewith. Our conclusion is that the question of plaintiff's contributory negligence was properly submitted to them.

The other assignments of error require no special mention. Some verbal inaccuracies in the charge are pointed out, but we find nothing of substance in any of the objections. Kostuch v. St. Paul City Ry. Co., supra.

The evidence is sufficient to justify the conclusion, reached by the jury, that plaintiff was guilty of contributory negligence; and, that question having been properly submitted to them, the order appealed from must be, and is, affirmed.

Order affirmed.