GEORGE CALLOPY v. GEORGE H. ATWOOD.[1]

July 10, 1908.

Nos. 15,686—(180).

**Failure to Guard Dangerous Machinery.**

A failure to comply with the provisions of section 1813, R. L. 1905, constitutes negligence on the part of the master, when it is shown machinery of a dangerous character is so located that it is dangerous, and that it is practicable to protect it with a guard. A master is not excused from complying with the statute by the mere fact that such machinery had not been manufactured with a guard, or that it had not been customary for owners and operators to use guards on that type of machine. The statute is intended for the protection of employees engaged in operating such machinery, as well as for the protection of the careless and ignorant who may accidentally come in contact with it.

**Contributory Negligence—Assumption of Risk.**

The evidence sustains the finding of the jury that appellant was guilty of negligence in failing to construct and maintain a suitable guard for a lath bolter machine, which he was operating in his mill, and it does not conclusively appear from the evidence that respondent was guilty of contributory negligence, or that he assumed the risks of his work.

[1] Reported in 117 N. W. 238.

Action in the district court for Washington county to recover $25,-600 damages for personal injuries caused by defendant's alleged negligence in failing properly to guard certain machinery in its sawmill. The case was tried before Stolberg, J., and a jury which rendered a verdict in favor of plaintiff for $6,585. A motion by defendant Atwood to vacate the verdict and enter judgment in his favor notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant Atwood appealed. Affirmed.

*Morton Barrows,* for appellants.

*T. R. Kane* and *J. M. Lynch,* for respondent.

LEWIS, J.

Appellant owned and operated a sawmill, and respondent was employed to work upon what is known as a "lath bolting machine," consisting of a raised platform, or table, on which was located a circular saw, about twenty two inches in diameter, nine inches of which extended over the table, wholly exposed and unguarded. The machine was used for the purpose of sawing boards and slabs into narrow strips, called "bolts," about four feet long, one and one half inches wide, and of variable thickness. The machine was operated by two men— one, called the "pusher," who stood in front of it and pushed the material forward against the saw, which revolved at a very rapid rate of speed; the other, called the "puller," who stood at the rear of the machine, pushed the bolts to one side as the stock came through the saw, and if the remaining piece was large enough for another bolt he passed it back to the pusher. While respondent and the puller were so engaged, a piece of board, about four feet long, two inches thick, and four inches wide, in some way became caught on the back of the saw and was hurled forward and against respondent's arm with great force, causing severe injury.

Appellant was charged with negligence in failing to properly guard the saw. Respondent recovered a verdict, and appellant presents the following questions for our consideration: Conceding that a guard might have been attached to the saw which would have prevented pieces of board from being thrown back, as stated, and conceding that no such guard had been provided, appellant claims that he is not liable for the reason that saws of such character had always

been operated without guards, not only by respondent, but by operators generally; that the statute had no application to such a case, and, in any event, respondent and his assistant had complete control of the material they were handling and passing through the saw, and that it does not appear from the evidence where this particular stick came from; that it was a pure accident, which could not have been foreseen by appellant in the exercise of ordinary care.

It is the settled rule of this state that the omission of a guard on dangerous machines, as provided by section 1813, R. L. 1905, constitutes negligence on the part of the master, when it is shown that a guard was practicable, and that the unguarded condition was the proximate cause of the injury. It is not material that the saw is so placed that the operator would not be likely to come in direct contact with it while engaged in its operation.

The statute is broad and sweeping, and has application to all saws of a dangerous character. The fact that respondent and his co-worker had control of the material which passed through the saw creates no exception to the rule and has no bearing, except upon the question of assumption of risk or contributory negligence on their part. The statute is intended as a protection, not only against the carelessness and ignorance of those who may accidentally come in contact with dangerous machinery while moving about in its vicinity, but it is also intended as a protection to the operatives themselves, who, by reason of inadvertence or some misfortune may be injured by it.

That saws of this type had never been provided with guards by appellant and other millmen was no excuse for not complying with the statute. It applies to all cases, whether guards had been used or not, and there are only two questions to be taken into consideration in determining whether the statute has application in a particular case, viz.: Is the machinery dangerous and located in an exposed position? And is it practicable to guard it? Both are admitted in this case. True, a bolter lath saw differs from an edger saw in some particulars. The latter was the subject of consideration in the case of Johnson v. Atwood Lumber Co., 101 Minn. 325, 112 N. W. 262, but the distinction is immaterial. Edger saw machines are manufactured with a guard intended to protect the operator; whereas in this case it

does not appear that bolting machines are equipped with guards. But, if they are dangerous instrumentalities, it is immaterial that they are not manufactured with guards.

It is not a conclusive defense that accidents of this kind had never before occurred in appellant's experience. It appears that suspended over the saw was an arrangement, consisting of a board that came from the ceiling and another board, nailed lengthwise to it, on which was hung a piece of bolting leather, which was intended to prevent the sawdust, small knots, and splinters from flying in the face of the pusher. But such device was not a guard against pieces of wood caught and thrown, as in this instance, and does not excuse appellant from complying with the statute. Appellant cannot plead entire ignorance of the tendency of the saw to throw missiles in the direction of the pusher. He admitted that a board partition had been erected about four feet behind the pusher, and that its purpose was to prevent small knots, small pieces that fly off from the rear, hard pieces of lath stock, from flying around. Neither of the operators were able to tell where the stick which struck respondent came from; but it was of the same kind and material then being sawed, and the puller testified that, although he did not see where it came from, he caught a glimpse of it as it was caught on the saw and hurled in the direction of respondent. Respondent testified that he simply caught a glimpse of the stick as it came towards him. The teeth of the saw were long and pointed, and it required only the fraction of a second to catch and hurl a piece of board which came in contact with it. Our views of the case find support in the following decisions: Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322; Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062; Johnson v. Atwood Lumber Co., 101 Minn. 325, 112 N. W. 262; Seely v. Tennant, 104 Minn. 354, 116 N. W. 648.

The evidence fails to conclusively establish contributory negligence or assumption of risks.

Affirmed.