## ALEXANDER DAVIDSON v. FLOUR CITY ORNAMENTAL IRON WORKS.[1]

January 22, 1909.

Nos. 15,947—(233).

**Emery Wheels Must be Guarded.**

Emery wheels are included within the machinery required to be guarded, as provided by section 1813, R. L. 1905.

**Same—Failure Is Negligence Per Se.**

Where it is practicable to maintain a guard over emery wheels, it is negligence per se to operate the same without a guard.

**Statutory Duty is a Continuing Duty.**

The statutory duty is a continuing one, requiring the guard to be maintained while the wheel is in operation, and that duty is not discharged by merely furnishing a suitable guard and exercising reasonable care in the selection of an operator.

[1] Reported in 119 N. W. 483.

**Operator and Plaintiff not Fellow Servants.**

In this case the duties of the operator required him to change wheels from time to time to meet the exigencies of the work, and in making the change it was necessary to take off the guard. The operator removed the guard and made the change, but neglected to replace the guard, and, while revolving, the wheel burst and caused the injuries sustained by respondent. *Held*, the operator and respondent were not fellow servants. The defenses, contributory negligence and assumption of risk, have no application, and appellant was responsible for the failure to maintain the guard.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The case was tried before Holt, J., and a jury, which returned a verdict in favor of plaintiff for $4,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Lancaster & McGee* and *G. A. Lyon,* for appellant.

The provisions of R. L. 1905, § 1813, are not applicable to the case at bar, but if they are defendant's motion should have been granted because the operator and respondent were fellow servants. Northern Pac. R. Co. v. Herbert, 116 U. S. 642; McMahon v. Davidson, 12 Minn. 232, 249 (357); Foster v. Minnesota Central Ry. Co., 14 Minn. 277, 280 (360). As to difference in grade of employment, see Brown v. Winona & St. P. R. Co., 27 Minn. 162; Corneilson v. Eastern Ry. Co., 50 Minn. 23; Gittens v. William Porten Co., 90 Minn. 512; Pasco v. Minneapolis Steel & Machinery Co., 105 Minn. 132; Dixon v. Union Iron Works, 90 Minn. 492; Ling v. St. Paul, M. & M. Ry. Co., 50 Minn. 160.

The court has repeatedly held that section 1813 did not abolish the defense of assumption of risk. Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79; Swenson v. Osgood & Blodgett Mnfg. Co., 91 Minn. 509; McGinty v. Waterman, 93 Minn. 242; Schutt v. Adair, 99 Minn. 7; 2 Labatt, Master & Servant, §§ 649, 650; Clark v. Riter-Conley Co., 57 N. Y. Supp. 755, and 81 N. Y. Supp. 919; Roskee v. Pulp Co., 169 Mass. 528.

The verdict was excessive. Slette v. Great Northern Ry. Co., 53 Minn. 341; Campbell v. Railway Transfer Co., 95 Minn. 375; Goss v. Goss, 102 Minn. 346.

*Lind, Ueland & Jerome,* for respondent.

R. L. 1905, § 1813, should be so construed as to effectuate the wise and humane purpose of its enactment. Tvedt v. Wheeler, 70 Minn. 161; Chicago, M. & St. P. Ry. Co. v. Voelker, 129 Fed. 522.

Failure to maintain the guard was negligence per se. Union Pac. Ry. Co. v. McDonald, 152 U. S. 262; Rosse v. St. Paul & D. Ry. Co., 68 Minn. 216; Klatt v. Foster, 97 Wis. 641; Perry v. Tozer, 90 Minn. 431; Schutt v. Adair, 99 Minn. 7. There is no question of contributory negligence or assumption of risk.

The master's duty was two-fold: (a) To furnish a safe place to work as required by the common law; Drymala v. Thompson, 26 Minn. 40; Tierney v. Minneapolis & St. L. Ry. Co., 33 Minn. 311; Lindvall v. Woods, 41 Minn. 212; 12 Am. & Eng. Enc. (2d Ed.) 959; Hough v. Railway Co., 100 U. S. 213; Rincicotti v. O'Brien, 77 Conn. 617; (b) to keep the emery wheel guarded as required by the statute; Christianson v. Northwestern Compo-Board Co., 83 Minn. 25; Osborne v. McMasters, 40 Minn. 103. It was the duty of the master to keep the guard constantly in place. McGinty v. Waterman, 93 Minn. 242. Two persons may not agree that one may violate a statute of this character and escape responsibility. Taft in Narramore v. Cleveland, C., C. & St. L. R. Co., 96 Fed. 298; Monteith v. Kokomo, 159 Ind. 149; Sipes v. Michigan, 137 Mich. 258; Marino v. Lehmaier, 173 N. Y. 530, reversing Knisley v. Pratt, 148 N. Y. 372, holds that there is no assumption of risk contrary to the statute. Stewart v. Ferguson, 164 N. Y. 553, is to the same effect. The doctrine of the assumption of risk ought not to be extended.

The operator of the machine, as operator, was a mere fellow servant; in the maintenance of the guard he was vice-principal.

LEWIS, J.

Appellant is engaged in the manufacture of ornamental iron work in the city of Minneapolis. One Sandstrom, who had been in the employ of appellant for about a year, was operating an emery wheel about twenty four inches in diameter, which revolved at the rate of about one thousand revolutions per minute. The guard provided for this wheel had been temporarily removed by Sandstrom, and while running without the guard the wheel burst, and one of the pieces struck re-

spondent, who was at work some forty feet distant, and inflicted a compound fracture of the thigh bone. Respondent recovered a verdict, and it is argued here: (1) That the statute (section 1813, R. L. 1905) had no application to emery wheels; (2) that the evidence conclusively established the fact that Sandstrom and respondent were fellow servants; (3) that the verdict was excessive.

1. The first part of section 1813 reads: "All saws, planers, * * * all set screws, drums, and machinery, * * * as far as practicable, shall be fenced or otherwise protected." And the last reads: "No grindstone, emery wheel, or machine in any factory, mill, or workshop shall be used when the same is known to be cracked or otherwise defective." This provision is not exclusive of and inconsistent with what precedes, but is an addition thereto. Emery wheels are fairly within the first part of the section; but, notwithstanding the fact that such wheels must be guarded, there is an additional prohibition against using such wheels when they are cracked or defective.

2. Sandstrom had been employed to work upon the emery wheel, and we shall assume that he had been properly instructed not to use it without a guard. In the course of his duties it became necessary for him to change wheels to suit the implements he was required to polish, and in making such change he was obliged to remove the guard. On the occasion in question he had changed the wheel, but proceeded to use it without restoring the guard, when, after about a day's time, it exploded.

A failure to comply with the statute constitutes negligence per se, but contributory negligence and assumption of risks are defenses which may be interposed in proper cases. Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826, 85 Am. St. 440; Wuotilla v. Duluth Lumber Co., 37 Minn. 153, 33 N. W. 551, 5 Am. St. 832; Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062; Gray v. Commutator Company, 85 Minn. 463, 89 N. W. 322; Seely v. Tennant, 104 Minn. 354, 116 N. W. 648; Callopy v. Atwood, 105 Minn. 80, 117 N. W. 238; Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630; Swenson v. Osgood & Blodgett Mnfg. Co., 91 Minn. 509, 98 N. W. 645; McGinty v. Waterman, 93 Minn. 242, 101 N. W. 300; Schutt v. Adair, 99 Minn. 7, 108 N. W. 811.

The statute requires such machinery to be guarded so as to protect

workmen, whether operating the machinery or engaged in the discharge of any other duties in the factory. Christianson v. Northwestern Compo-Board Co., supra. In that case the party was injured while working about an unguarded saw, but not directly in connection with it. In Seely v. Tennant, supra, the deceased was caught by an unguarded revolving shaft while passing by it in the performance of duties not directly connected with it.

There is no dispute as to the facts, and the question of contributory negligence and assumption of risk have no place in this case. Respondent was engaged in other duties at some distance, and was entirely ignorant of the failure to replace the guard on the wheel. The question at issue is one of statutory construction. If the duty imposed by statute was a continuing one, and the master was required to maintain the guard while operating the wheel, in addition to installing it in the first place, then the operator charged with the control and management of the wheel and guard was the representative of the master. On the other hand, if the master discharged his duty by furnishing a suitable guard and by exercising reasonable care in the selection of an operator, and gave him suitable instructions, then the operator was a fellow servant of respondent at the time he negligently failed to replace the guard.

Cases of this kind differ from those where, under the common law, the master is charged with the duty of providing a safe place and proper tools and instrumentalities. In those cases the exercise of reasonable care only is required. But with reference to dangerous machinery which it is practicable to guard the rule has no application. The statute has adopted the rule of absolute duty. The master cannot delegate the performance of the act to another and thus avoid responsibility. Baddeley v. Granville, 17 Eng. R. Cas. 212; Britton v. Great Western, 19 Eng. R. Cas. 42; Groves v. Winborne, 2 Q. B. Div. 402 (1898); Sommer v. Carbon Hill Coal Co., 89 Fed. 54, 32 C. C. A. 156; Lore v. American, 160 Mo. 608, 61 S. W. 678.

It is unnecessary for the purposes of this case to consider what the limitations of the application of this rule may be in cases where those intrusted with the duty of maintaining such guards negligently remove them contrary to instructions. There is much room for discussion and difference of opinion upon that branch of the subject. Whether

there be any logical distinction we need not now determine. So far as the facts of this case are concerned there should be no hesitancy in applying the rule of absolute nondelegable duty. The operator was required, in the performance of his duties, to remove the guard in order to put on another wheel. It then became the duty of the master to furnish the new wheel with a guard, to the same extent as in the first instance, when the guard was furnished. To that extent the master selected the operator as his representative, and his failure to attach the guard was the master's act.

The instructions to the jury were quite as favorable as appellant was entitled to, and we discover nothing prejudicial in the reference by the court to the master's duty to provide a reasonably safe place for the employees.

The verdict was large, but we cannot see that it was excessive.

Affirmed.

ELLIOTT, J. (dissenting).

I am not able to see why Sandstrom and the respondent Davidson were not fellow servants. They were ordinary operatives, each engaged in his own work. Neither had any control over the other. Sandstrom removed the cover from the emery wheel for the purpose of changing the wheel and carelessly started the machine without replacing the cover. The appellant had complied with the statute, and but for the negligence of Sandstrom the accident could not have occurred. The employer had done everything it was possible to do, and if the fellow servant rule is in force in this state, the plaintiff should not have recovered a verdict. I therefore respectfully dissent.