ELIZABETH E. GLOCKNER v. HARDWOOD MANUFACTURING COMPANY.[1]

July 30, 1909.

Nos. 16,170—(139).

**Dangerous Machinery—Burden of Proof.**

Where the practicability of guarding dangerous machinery is in dispute, the burden is upon the plaintiff to prove that it is practical.

**Same—Evidence Insufficient.**

Respondent accidentally got her hand caught in the cylinders of a printing press. The nippers and cylinders were conceded to be dangerous to the person engaged in feeding the press, but the practicability of guarding the machine was denied.

*Held,* in the absence of any other evidence, testimony that a guard was applied to a similar press in a competing factory, seven months after the accident, which tended to lessen the hazard, was insufficient to prove the practicability of applying a sufficient guard.

Action in the district court for Hennepin county to recover $20,-000 for personal injuries sustained while feeding a printing press in defendant's factory. The negligence charged was that the cylinders, which were operated at a high and dangerous rate of

[1]Reported in 122 N. W. 465, 123 N. W. 807.

speed and were extremely dangerous, as defendant well knew, were not guarded in any way, although it was perfectly practicable to have done so; that the so-called belt shifter, consisting of levers, shafts, rods, pulleys and other apparatus, provided with said press was in a defective and dangerous condition; that certain belts and shafting used in connection therewith were worn, defective and improperly adjusted, and that defendant failed to warn or instruct plaintiff as to such dangers. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $10,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. New trial granted.

*Brown, Albert & Guesmer,* for appellant.

*Evans & Peterson* and *E. F. Hilton,* for respondent.

LEWIS, J.

Respondent was employed in appellant's factory as a feeder at a printing press, and was engaged in feeding flour sacks, or sheets, into the press, when for some reason her left hand was caught and crushed between the cylinders, necessitating amputation at the wrist. She recovered a verdict of $10,000, based upon the ground that appellant was negligent in failing to maintain a proper guard in front of the cylinders. Appellant concedes there was no guard, but claims there was no evidence tending to show that appellant was guilty of negligence in failing to maintain a guard, that the court erred in admitting certain testimony with reference to the question of such negligence, and that respondent is guilty of contributory negligence and assumed the risks connected with the work.

Appellant company was engaged in the manufacture of bags, and several different types of printing presses were in common use for the purpose of printing names, etc., on the bags. The press on which the accident occurred was one of three cylinders, so constructed that two cylinders, one above the other, were about eight inches distant from the lower end of the feed table. The length of the cylinders was three feet ten inches. Attached to a rod running across the lower cylinder was located a number of so-called "nippers," which

fell as the cylinders turned and caught the material fed into the press. The width of the feed board was four feet seven and one-half inches, constructed on a slight incline toward the cylinders. A metal rod, about one inch in diameter, was located, parallel with the cylinders, at about two inches from and two and one-half inches above the lower end of the feed table, and four inches from the cylinder, from which were suspended two guides. The feeding was done by the operator, who stood on a step, two feet three inches long and fourteen inches wide, and took hold of the bag, or sheet, with the left hand, and by the use of a stick with a point, held in the right hand, moved the bag down to the guides, when it was caught by the nippers and passed between the cylinders.

On the twenty-eighth of May, 1907, respondent was feeding sheets 30x34½ inches in size, and while so engaged, as she claims, in some manner lost her balance, and in the attempt to save herself, got her hand between the cylinders. She had worked on this particular machine for five months, and had been thoroughly instructed as to her duty to keep her hands away from the nippers. In the act of feeding it was unnecessary to place the hand below a point three inches from the end of the table and five inches from the nippers, and eight or nine inches from the cylinders, and if her hand was caught by allowing it to come in contact with the nippers while engaged in feeding in the usual way she would probably be precluded from recovering, considering her experience and the explicit instructions she had received. If, however, for some reason not owing to negligence on her part, she lost her balance while engaged in feeding, and in trying to regain it inadvertently threw her hand in contact with the nippers or cylinders, then a different question would be presented. Her account of the manner in which she was caught is very indefinite and unsatisfactory, but for the purposes of this appeal we shall assume that her negligence and the question of assumption of risk were for the jury.

The only evidence introduced by respondent in support of the charge that appellant was negligent in failing to construct and maintain a suitable guard was that of three pressmen and a mechanic, to the effect that seven months after the accident a guard was in-

vented and placed on a similar machine by the Bemis Bros. Bag Company, a competitor of appellants, in the city of Minneapolis. The mechanic testified that he had been called upon by Mr. Simmons, the superintendent of the Bemis Company, to work out a design for guarding such presses at the point indicated; that he had followed directions and constructed a guard, but had no knowledge as to whether it was practicable in the operation of the machine. The three pressmen from the Bemis Company testified that they had operated presses with and without the guard, and that after getting accustomed to feeding they could accomplish about the same amount of work as without it. Mr. Simmons, the superintendent of the Bemis Company, testified that he had suggested to the mechanic the idea of making such a guard; that it had been constructed and used for a number of months on that type of press; that he regarded it as a private matter of his own and the company's, yet in the experimental stage; but it was his opinion the guard tended to decrease the danger, though he did not consider the device entirely completed. Respondent also introduced in evidence a model representing the guard, and it was used during the course of the trial for purposes of illustration. All this class of evidence was received over the objection of appellant, on the ground that it permitted the conduct of appellant on the issues of negligence to be judged by experiments and improvements which occurred long after the accident.

According to the undisputed evidence, no form of guard had ever been manufactured or used successfully on such presses, and it was conceded by all parties that this particular kind of press was dangerous, and ought to be guarded, if practicable. The real question at issue was whether, at or prior to the time of the accident, it was practicable to invent and adjust a device which would answer the purpose of protecting the hands of operatives from getting caught by the nippers or cylinders and at the same time not materially interfere with the process of feeding.

When a machine, or place, defined by the statute (section 1813, R. L. 1905), is dangerous, and there is no question about the practicability of applying a guard, then the omission to guard constitutes negligence per se. Christianson v. Northwestern Compo-Board Co.,

109 M.—3

83 Minn. 25, 85 N. W. 826, 85 Am. St. 440, Davidson v. Flour City Ornamental Iron Works, 107 Minn. 17, 119 N. W. 483, and other decisions of this court are to this effect. But the burden is upon the party charging negligence to prove, not only a dangerous condition, but also that it was feasible to guard. The practicability of guarding dangerous machinery depends upon the character of the machine, its history, the difficulty of attaching a guard without interfering with its efficiency, and upon all the facts and circumstances surrounding the matter at and prior to the time of the accident. There was a decided dispute as to the effectiveness of the guard used by the Bemis Company, not only on account of its interference with the feeding process, but because of the large opening necessary to leave for the bags to pass under, and the ease with which the guard would slip up in case the feeder should permit his hand to pass under it.

On the argument respondent assumed that, because the Bemis Company produced a guard which to some extent decreased the hazard, the question of practicability was settled for all time, and that the evidence was sufficient to prove that appellant was guilty of negligence, seven months before, in failing to apply such a guard. The trial court, in instructing the jury, limited this class of evidence to its bearing upon the credibility of the witnesses and the good faith of appellant in attempting to devise a guard. But the evidence was not offered by respondent for the purpose of attacking the credibility of appellant's witnesses. It was offered in support of respondent's case in chief to establish negligence in failing to provide a guard. It may be conceded that, when a subsequent invention is so simple in character that it might have occurred to a prudent man at any prior time, had he given the matter attention, then evidence of such subsequent invention may be sufficient for the purpose of showing the practicability of guarding at a prior time. Such is not this case, and in the absence of any other evidence the subsequent invention and tests were not sufficient to establish negligence. Under the circumstances the court was in error in directing the jury that they might find from the evidence of the subsequent invention in the Bemis factory that appellant was guilty of negligence in failing to provide a similar guard, and the court erred in extending the effect

of that evidence to its bearing on the credibility and good faith of appellant's witnesses.

New trial granted.

A reargument having been granted, the following opinion was filed on December 17, 1909.

PER CURIAM.

The briefs and arguments of counsel seem to indicate that there is some misunderstanding of the decision of this court as to how far the provisions of Laws 1893, p. 99, c. 7, entitled "An act providing for the protection of employees," (R. L. 1905, §§ 1813–1815) repeal the common law. We therefore deem it advisable to review our decisions on the question.

The case of Hess v. Adamant Mfg. Co., 66 Minn. 79, 68 N. W. 774, has no relevancy to the question, as that case relates to Laws 1895, p. 390, c. 173, which is confessedly a mere declaration of the common law.

In Anderson v. C. N. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630, opinion by Mitchell, J., it was held that the mere fact that the statute imposed the duty to guard dangerous machinery did not change the rule of law as to contributory negligence or the assumption of risks. There is no suggestion in the opinion that in other respects the statute is simply declaratory of the common law.

The next case in which the statute was considered is Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062. The question in that case was whether the owner of a building, who constructed as a part thereof an open wheel hole, pulley and cable, which it was practicable to guard, and then leased the building, was liable to an employee of the lessee who was injured because the wheel hole was not guarded. The court held that he was liable, two justices dissenting, but all of the justices were of the opinion that the duty to guard the hole, if practicable, was, by reason of the statute, an absolute one, a failure to perform which would be negligence in law or per se, and that in this respect the statute changed the common law under which the question of negligence was one of fact, depending on

circumstances whether the omission to guard dangerous places and machinery would or would not constitute negligence or want of reasonable care. See dissenting opinion of Mitchell, J., page 172.

The last case was followed in Christianson v. Northwestern Compo-Board Co., 83 Minn. 25, 85 N. W. 826, and it was held that the statute requires all dangerous machinery in any factory, mill or shop to be guarded, if practicable, [so] as to protect employees, and that the duty was absolute, and further that if the person charged with such duty omits so to guard such machinery he is chargeable with negligence per se.

In the case of Parker v. Pine Tree Lumber Co., 85 Minn. 13, 88 N. W. 261, it was held that the plaintiff was guilty of contributory negligence in using an unguarded saw which it was practicable to guard. No other question was decided.

In the case of Hermann v. Clark, 89 Minn. 132, 94 N. W. 436, it was held, following Lally v. Crookston Lumber Co., 82 Minn. 407, 85 N. W. 157, that the statute does not change the rules of law as to the assumption of risks.

In Bredeson v. C. A. Smith Lumber Co., 91 Minn. 317, 97 N. W. 977, it was stated obiter that the statute was merely declaratory of the common law.

The cases of Swenson v. Osgood & Blodgett Mfg. Co., 91 Minn. 509, 98 N. W. 645, and McGinty v. Waterman, 93 Minn. 242, 101 N. W. 300, are to the same effect, and in each case the rule was recognized that the failure to guard dangerous machinery, if practicable, is negligence per se.

In Schutt v. Adair, 99 Minn. 7, 108 N. W. 811, it was held that a violation of the statute constitutes negligence per se, but it does not abrogate the common law as to contributory negligence.

The case of Callopy v. Atwood, 105 Minn. 80, 117 N. W. 238, holds that: "It is the settled rule of this state that the omission of a guard on dangerous machines, as provided by section 1813, R. L. 1905, constitutes negligence on the part of the master, when it is shown that a guard was practicable."

The last decision of this court, excluding the case at bar, on the question is Davidson v. Flour City Ornamental Iron Works, 107

Minn. 17, 119 N. W. 483, which holds that "a failure to comply with the statute constitutes negligence per se, but contributory negligence and assumption of risks are defenses which may be interposed in proper cases."

It follows from the examination of these decisions that the statute in question, while it does not change the common law as to the defense of contributory negligence or assumption of risks, yet does so change the common law that if it be practicable to guard dangerous machinery and places, they must be guarded, and that in such cases a failure to guard is negligence in law or per se; and, further, that whether it was practicable in a given case to have guarded a dangerous machine or place at or before the happening of an accident is a question of fact to be established by the party claiming to have been injured thereby, but the question of practicability, not possibility, once conceded or proven, the duty to guard follows as a matter of law, and proof of failure to do so is conclusive evidence of negligence. Evidence in this case tending to show that after the accident a device was discovered whereby, if it had been known, the machine here in question might have been guarded, was competent but not conclusive evidence to show that before the accident it was practicable to guard it. On the other hand, evidence tending to show that before the accident there was no known device whereby the machine might have been guarded was competent, but not conclusive to show that it was not then practicable to have guarded the machine.

It was urged by the respondent on the reargument that it was conceded by appellant on the trial that it was practicable to have guarded the machine at all times. A consideration of the record does not justify the claim, for the pleadings, the conduct of the trial by both parties, and the court's instruction to the jury show that the question of the practicability of guarding the machine at or before the time of the accident was sharply contested.

Upon a re-examination of the record we are of the opinion, based upon the evidence and the instructions to the jury, that there ought to be a new trial of this action, therefore the original decision is adhered to.