HENRY B. SUESS v. ARROWHEAD STEEL PRODUCTS COMPANY.[1]

March 28, 1930.

No. 27,760.

[1]Reported in 230 N. W. 125.

22

*Bauers, Carlson & Beveridge,* for appellant.
*Snyder, Gale & Richards,* for respondent.

OLSEN, C.

The matter contained in the supplemental record printed and filed by the defendant is stricken on motion of plaintiff.

Plaintiff appeals from an order denying his motion for a new trial. He brings the action to recover damages for injury to his health, claiming that while in the employ of the defendant for a period of some six years as superintendent and inspector of its factory defendant failed to comply with G. S. 1923 (1 Mason, 1927) § 4174, and that by reason thereof he contracted tuberculosis, from which he is now suffering. This disease does not come within the workmen's compensation act. Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 201 N. W. 305.

G. S. 1923 (1 Mason, 1927) § 4174, upon which the action is based, reads:

"In every place of employment the employer shall provide in each workroom thereof, proper and sufficient means of ventilation, and shall maintain proper and sufficient ventilation. If excessive smoke, steam, gas, fumes, vapors, dust or other impurities are created or generated by the manufacturing process or handicraft carried on therein, in sufficient quantities to obstruct the vision, or to be irritating, obnoxious, or injurious to the health or safety of the em-

ployes therein, the rooms shall be ventilated in such manner as to remove them or render them harmless, so far as is practicable."

There are further provisions as to other matters not here relevant, and provisions making it the duty of the commissioner of labor to enforce the act and authorizing him to order installation of necessary appliances. There is a general penalty provision.

Plaintiff claims that metallic dust, noisome and poisonous vapors and gases were constantly generated in the factory; that he was required to be constantly therein and contracted the disease therefrom; that defendant had notice and knowledge of the situation and failed to remedy it or comply with the statute cited as to ventilation.

■ It is apparent that if the rule of assumption of risk applies the plaintiff, as superintendent and inspector of the factory, had as good or better knowledge of the condition and danger as defendant, and the jury might well find that he assumed the risk. The court submitted to the jury the question whether plaintiff had assumed the risk. The important question is whether the doctrine of assumption of risk applies to the case. The rule followed in some federal decisions and in the decisions of the greater number of state courts is that, where the violation of a statute enacted for the protection of employes causes injury to an employe, the doctrine of assumption of risk does not apply. 39 C. J. 701, and note 82. The reason for these holdings is generally stated to be that assumption of risk is a result of the contract of employment and that it is unlawful and contrary to public policy to permit parties to contract, either expressly or impliedly, to violate a statute. If it is against public policy so to contract it would seem equally against public policy to hold that assumption of risk applies where there is no such contract.

A smaller number of state courts hold that the doctrine of assumption of risk does apply in such cases. 39 C. J. 704, and note 8. Minnesota is there classed as following the minority rule, on authority of Anderson v. C. N. Nelson Lbr. Co. 67 Minn. 79, 69 N. W. 630; Swenson v. Osgood & Blodgett Mfg. Co. 91 Minn. 509, 98 N. W. 645;

and Seely v. Tennant, 104 Minn. 354, 116 N. W. 648. To these citations may be added McGinty v. Waterman, 93 Minn. 242, 101 N. W. 300, 3 Ann. Cas. 39; Schutt v. Adair, 99 Minn. 7, 108 N. W. 811; Davidson v. Flour City O. I. Works, 107 Minn. 17, 119 N. W. 483, 28 L.R.A.(N.S.) 332, 131 A. S. R. 433; Bean v. Keller Mfg. Co. 107 Minn. 162, 119 N. W. 801; Rase v. M. St. P. & S. S. M. Ry. Co. 107 Minn. 260, 120 N. W. 360, 21 L.R.A.(N.S.) 138; Glockner v. Hardwood Mfg. Co. 109 Minn. 30, 36-37, 122 N. W. 465, 123 N. W. 807, 18 Ann. Cas. 130. Assumption of risk is a defense in actions under the federal employers liability act in cases where the negligence claimed is that of the carrier's officers, agents and employes. Boldt v. Pennsylvania R. Co. 245 U. S. 441, 38 S. Ct. 139, 62 L. ed. 385. It is so held because the act provides that the employe shall not be held to have assumed the risk in cases based on the violation by the carrier of any statute enacted for the safety of employes, but it does not contain any such provision in reference to actions growing out of the mere negligence of officers, agents or employes of the carrier.

The doctrine of assumption of risk is not favored and should be limited rather than extended. The latest Minnesota decision called to our attention, where the doctrine was held to apply in cases based on the violation of a statute requiring an employer to provide safety appliances or safe instrumentalities or places of work for the protection of his employes, is the Glockner case, 109 Minn. 30, 122 N. W. 465, 123 N. W. 807, 18 Ann. Cas. 130, decided more than 20 years ago. Since then there have been many marked changes in industrial relations between employers and employes, and in legislation governing such relations. The first workmen's compensation act was passed in 1913 and abolished the defense of assumption of risk in all workmen's compensation cases based on the failure of the employer to provide and maintain safe premises and suitable appliances for employes. In 1915 the act governing liability of common carriers operating steam railways in this state, for death or injury to employes, was passed. That act, in harmony with the federal law, abolished the defense of assumption of risk in any case where the violation by the employer of any statute enacted for the safety of employes contributed to the injury or death of such em-

ploye. In addition to these acts, there has been a rapid growth and extension of laws providing for the safety and protection of employes in industrial plants and other occupations. The public policy of the state, as gathered from legislation enacted during the last 20 years and more, is to make the employer liable for injury to an employe caused by the violation by the employer of a statute requiring him to provide and maintain safe premises and appliances for the protection of his employes, and that the defense of assumption of risk should not apply in such cases. This conclusion is in harmony with the line of decisions in this state, that a violation of a statute resulting in injury to one for whose benefit the statute was enacted is negligence per se; or, as stated in some cases, that the question of negligence is not involved—that if a violation of the statute is the proximate cause of injury to one for whose benefit the statute was enacted, liability follows irrespective of any question of negligence in the ordinary sense of that word. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Benson v. Larson, 133 Minn. 346, 158 N. W. 426; Riser v. Smith, 136 Minn. 417, 162 N. W. 520; Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566; Elvidge v. Stronge & Warner Co. 148 Minn. 185, 181 N. W. 346; Cohen v. Silverman, 153 Minn. 391, 190 N. W. 795; Frederick v. McRae, 157 Minn. 366, 196 N. W. 270; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Sandhofner v. Calmenson, 170 Minn. 69, 212 N. W. 11.

In Dusha v. Virginia & Rainy Lake Co. 145 Minn. 171, 176 N. W. 482, 23 A. L. R. 632, the action was based on the violation by defendant of the statute prohibiting the employment of children under 16 years of age about dangerous machinery. G. S. 1913, § 3848. After citing and considering numerous decisions from other states, reviewing the Anderson case, 67 Minn. 79, 69 N. W. 630, and citing cases in this court involving the same statute, the court held that contributory negligence and assumption of risk were not defenses open to the employer under that statute. There may be some distinction between the effect of statutes governing child labor and others governing labor of adults. The case is nevertheless important as indicating a growing change in public policy in

this state and as furnishing reasons for a modification of prior decisions of this court.

In our present case no question of contributory negligence is before us. Upon a careful consideration of legislation of this character in this state and the public policy therein indicated, the changing conditions in industrial relations between employers and employes, and in harmony with decisions in the greater number of the states, we conclude that the holding in the Anderson case, 67 Minn. 79, 69 N. W. 630, and the cases following that decision, so far as they hold that assumption of risk is a defense in actions for injuries to employes, based on the violation by the employers of statutes requiring employers to furnish and maintain safety appliances for the protection of their employes and providing penalties for failure so to do, should be overruled. We now hold that where an action is based upon the violation by the employer of such a statute and the injury complained of is a proximate result of such violation assumption of risk is not a defense open to the employer. The question of the practicability of guarding machinery or providing appliances and safeguards and other like questions of course remain, but these are questions of whether there has in fact been a violation of the law.

This disposes of the present appeal and necessitates a new trial. The trial court followed our prior decisions, and this court must assume the responsibility for the result arrived at.

■ In view of a new trial this reference to other assignments of error may be made: Language used in the charge, to the effect that plaintiff must show that the disease from which he is now suffering was caused solely and directly by the alleged negligence of the defendant and that such negligence was the direct and proximate cause of his disease, is challenged as error. Under the pleadings and evidence presented we think this was not error. If any error in that regard, it should have been called to the attention of the court at the time. Neither did the court err in excluding exhibit B, a mere notice from an inspector of the industrial commission given some months after plaintiff ceased to be in defendant's employ.

Order reversed and a new trial granted.