CHARLES W. WICKSTROM v. THORNTON BROTHERS COMPANY.[1]

April 6, 1934.

No. 29,854.

[1]Reported in 254 N. W. 1.

*Harry Weiss* and *O'Malley & O'Malley,* for appellant.
*Beldin H. Loftsgaarden,* for respondent.

*LORING, Justice.*

This is an action by a servant to recover from his master for injuries to the plaintiff's health on account of gases and fumes inhaled while engaged in blasting operations in a tunnel being driven by defendant in the city of St. Paul. The defendant set up assumption of the risk, and from an order striking out such defense as frivolous it has appealed.

The complaint alleges that the defendant was engaged in driving a tunnel 1,800 feet in length, 6½ feet high, and 42 inches wide which was being constructed about 45 feet below the surface of the ground. The gases and fumes complained of were generated by the explosions of dynamite which were used in the blasting operations. Evidently shafts were used in connection with the construction work, but in just what manner or to what extent they were used or furnished ventilation is not clear from the pleadings. The plaintiff alleges that he complained of the gases and that the defendant promised to install an effective ventilating system whereby the tunnel might be relieved of poisonous fumes. He asserts that a system of ventilation was installed but that it was inadequate and that on that account he left defendant's employ. He asserts that these gases and fumes impaired his health and caused him to contract tuberculosis and that in consequence he will never again be able to perform any kind of work.

The plaintiff charges the defendant with negligence in failing to furnish him a safe place to work and in failing to warn him of the dangers from the fumes, and particularly in failing to install an adequate ventilating system to carry off the fumes and gases. He asserts that such a system was practicable and feasible. The defendant denies the negligence, including the practicability of ventilating the shaft and tunnel, and sets up the defense of assumption of the risk.

The trial court struck out the defense of assumption of the risk on the theory that the plaintiff's complaint sets up a violation of a statute enacted for his protection. This court has held that the defense of assumption of the risk is not available to an employer in an action by his employe for damages proximately caused by the violation of a statutory duty; Suess v. Arrowhead S. P. Co. 180 Minn. 21, 230 N. W. 125, though it is conceded to be still available where no violation of a statutory duty is involved.

The only statute relied upon by the plaintiff is 1 Mason Minn. St. 1927, § 4174, which provides:

"In every place of employment the employer shall provide in each workroom thereof, proper and sufficient means of ventilation, and shall maintain proper and sufficient ventilation. If excessive smoke, steam, gas, fumes, vapor, dust or other impurities are created or generated by the manufacturing process or handicraft carried on therein, in sufficient quantities to obstruct the vision, or to be irritating, obnoxious, or injurious to the health or safety of the employes therein, the rooms shall be ventilated in such manner as to remove them or render them harmless, so far as is practicable."

And 1 Mason Minn. St. 1927, § 4171, which provides:

"The term 'all places of employment' as used in this act shall mean any place, either inside or outside, where any business or industry is carried on and in which persons are employed and shall include factories, mills, workshops, laundries, dyeing and cleaning establishments, mercantile establishments, offices and office buildings, hotels, restaurants, theatres and other places of amusement, transportation systems, public utilities, engineering works, the erection of buildings, and yards; but shall not be construed to apply to domestic service or agricultural labor."

No other statute is invoked.

The trial court's attention was evidently not directed to the defendant's denial of the practicability of ventilating the tunnel and shaft. This obviously raises a question of fact upon which the applicability of the invoked statute depends. Such being the case, the defense should not have been stricken. Under any construction

of the statute, it was available to defendant on the common law charges of negligence in failing to warn or in failing to furnish a safe place to work. While the complaint describes the tunnel and in some degree the shaft, even if we assume the practicability of adequate ventilation, we do not feel justified in determining, on the pleadings alone, the application of the statute invoked by plaintiff. We entertain grave doubt as to its applicability even if the facts including practicability of ventilation are proved as charged.

On the face of the pleadings the order appealed from must be and is reversed.

